# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Gorham Paper and Tissue, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 45-1586533 | Chapter 11<br><br>Case No. 20-12814 (___) |
| In re:<br><br>White Mountain Tissue, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 80-0800078 | Chapter 11<br><br>Case No. 20-12815 (___) |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Gorham Paper and Tissue, LLC ("GPT") and White Mountain Tissue, LLC ("WMT"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through proposed undersigned counsel, hereby move this Court (the "Motion") for entry of an order, pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and providing additional, related relief. In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION, VENUE AND PREDICATES FOR RELIEF

1. The United States District Court for the District of Delaware (the "District Court") has original, but not exclusive, jurisdiction pursuant to 28 U.S.C. § 1334(b). Pursuant to

28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the District Court dated February 29, 2012, the District Court has authority to refer, and has referred, this proceeding to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

4. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack constitutional authority to enter such final order or judgment absent the consent of the Debtors.

5. The statutory and other predicates for the relief requested herein are § 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015, and Local Rule 1015-1.

**BACKGROUND**

6. On November 4, 2020, the Debtors commenced their chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.

7. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to §§ 1007(a) and 1108 of the Bankruptcy Code. To date, no trustee, examiner, or statutory committee has been appointed in the cases by the United States Trustee.

8. A description of the Debtors' capital and corporate structures, businesses, and the events leading to the commencement of these chapter 11 cases, as well as the facts and circumstances supporting this Motion, are set forth in the *Declaration of Richard Arnold in*

*Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), which was filed contemporaneously herewith and is incorporated herein by reference.

## RELIEF REQUESTED

9.  By this Motion, the Debtors respectfully request entry of an Order, substantially in the form filed herewith, directing joint administration of these chapter 11 cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

10. In addition, the Debtors request that this Court maintain one docket for the Debtors' cases under the case of GPT, and that this Court authorize the use of the following caption for all pleadings and notices in the jointly administered case:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Gorham Paper and Tissue, LLC, *et al.*, | Case No. 20-12814 (___) |
| Debtors.[1] | (Jointly Administered) |

---

[1] The last four digits of Gorham Paper and Tissue, LLC's federal taxpayer identification number are 6533. See 11 U.S.C. § 342(c)(1). The last four digits of White Mountain Tissue, LLC's federal taxpayer identification number are 0078. See id. The principal place of business for Gorham Paper & Tissue, LLC and White Mountain Tissue, LLC is 72 Cascade Flats, Gorham, New Hampshire 03581.

11. The Debtors also request that this Court make separate docket entries, substantially similar to the following, on the docket of each of the Debtors' chapter 11 cases to reflect the joint administration of the cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Gorham Paper and Tissue, LLC, Case No. 20-12814 ( ) and White Mountain Tissue, LLC, Case No. 20-12815 ( ). The docket of the chapter 11 case of Gorham Paper and Tissue, LLC, Case No. 20-12814 ( ), should be consulted for all matters affecting this case.

75384919.1

12. The Debtors further request that the Order granting the relief requested herein state that the foregoing caption satisfies the requirements of § 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

## BASIS FOR RELIEF

13. Rule 1015 of the Bankruptcy Rules provides that joint administration may be appropriate when two or more related petitioners have filed for protection under the Bankruptcy Code. Bankruptcy Rule 1015(b) states, in relevant part, that "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

14. Because GPT, as the sole Class A member of WMT, holds a 51% ownership or membership interest in WMT, the Debtors are affiliates within the meaning of § 101(2) of the Bankruptcy Code. Accordingly, this Court has the authority to grant the relief requested herein pursuant to Bankruptcy Rule 1015(b).

15. Local Rule 1015-1 provides additional authority for this Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Local Rule 1015-1.

16. Joint administration is a procedural tool that promotes the fair and efficient administration of related cases of affiliated debtors. As set forth in the First Day Declaration,

joint administration of these chapter 11 cases will promote efficiency and will ease the administrative burden on this Court and all parties in interest. Because the Debtors' management, financial affairs, and operations are closely related, many of the motions, hearings, and orders in the bankruptcy proceedings will affect both of the Debtors. Joint administration also will reduce the volume of paper that otherwise would be filed with the Clerk of the Court because it will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders. The benefits of joint administration are especially apparent in these cases where the Debtors' chapter 11 cases may involve an asset sale through a single asset purchase agreement, which, in turn, will benefit from joint proceedings and pleadings. Joint administration will, therefore, render the completion of various administrative tasks less costly and will minimize the number of unnecessary delays. Joint administration also will allow the United States Trustee and all other parties in interest to monitor these cases with greater ease and efficiency, such that parties remain apprised of the various motions and orders in the Debtors' cases without the need to monitor and review multiple dockets.

17. Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

18. Finally, the Debtors submit that use of the proposed caption will eliminate cumbersome and potentially confusing procedures and ensure uniformity of pleading

75384919.1

identification. Other case-specific information will be listed in the petitions for the respective Debtors, and such petitions are publicly available and will be provided by the Debtors upon request. Therefore, the Debtors submit the policies behind the requirements of § 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been fully satisfied.

19.     For these reasons, the Debtors submit that the relief requested herein is in the best interest of the estates and will reduce administrative burdens on this Court and all parties in interest, and, therefore, should be granted.

## NOTICE

20.     The Debtors will provide notice of this motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims; (c) the Debtors' secured lenders or their counsel, if known; (d) the Internal Revenue Service; (e) the Office of the United States Attorney for the District of Delaware; (f) the state attorney's general for all states in which the Debtors conduct business; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. To the extent not captured by the foregoing, because the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any Order entered respecting the Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein and in the First Day Declaration, the Debtors respectfully request that this Court enter an order, substantially in the form filed herewith as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: November 4, 2020<br>Wilmington, Delaware | Respectfully submitted,<br><br>**POLSINELLI PC**<br><br>*/s/ Christopher A. Ward*<br>Christopher A. Ward (Del. Bar No. 3877)<br>Shanti M. Katona (Del. Bar No. 5352)<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-0920<br>Facsimile: (302) 252-0921<br>cward@polsinelli.com<br>skatona@polsinelli.com<br><br>-and-<br><br>**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**<br>D. Sam Anderson (*Pro Hac Vice Pending*)<br>Robert J. Keach (*Pro Hac Vice Pending)*<br>Adam R. Prescott (*Pro Hac Vice Pending)*<br>100 Middle Street<br>PO Box 9729<br>Portland, Maine 04104<br>Telephone: (207) 774-1200<br>Facsimile: (207) 774-1127<br>sanderson@bernsteinshur.com<br>rkeach@bernsteinshur.com<br>aprescott@bernsteinshur.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |