**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Gorham Paper and Tissue, LLC, *et al.*, | Case No. 20-12814 (__) |
| Debtors.[1] | (Joint Administration Requested) |

**APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO RETAIN AND APPOINT DONLIN, RECANO & COMPANY, INC.
AS CLAIMS AND NOTICING AGENT EFFECTIVE AS OF THE PETITION DATE**

Gorham Paper and Tissue, LLC and White Mountain Tissue, LLC, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through undersigned proposed counsel, hereby apply to this Court (the "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention and appointment of Donlin, Recano & Company, Inc. ("DRC") as claims and noticing agent ("Claims and Noticing Agent") for the Debtors in lieu of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk"), effective as of the Petition Date (as defined herein). In support of this Application, the Debtors submit the *Declaration of Nellwyn Voorhies, President of Donlin, Recano & Company, Inc.* (the "Voorhies Declaration"), which is attached hereto as **Exhibit B** and is

---

[1] The last four digits of Gorham Paper and Tissue, LLC's federal taxpayer identification number are 6533. See 11 U.S.C. § 342(c)(1). The last four digits of White Mountain Tissue, LLC's federal taxpayer identification number are 0078. See id. The principal place of business for Gorham Paper and Tissue, LLC and White Mountain Tissue, LLC is 72 Cascade Flats, Gorham, New Hampshire, 03581. Contemporaneously with the filing of this Application (defined below), Gorham Paper and Tissue, LLC and White Mountain Tissue, LLC have moved for entry of an order directing the joint administration of their respective chapter 11 cases pursuant to Federal Rule of Bankruptcy Procedure 1015, with Gorham Paper and Tissue, LLC's chapter 11 case serving as the lead docket in which pleadings shall be filed.

75384172.1

incorporated herein by reference, and the *Declaration of Richard Arnold in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"). In further support of this Application, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1. The United States District Court for the District of Delaware (the "District Court") has original, but not exclusive, jurisdiction pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the District Court dated February 29, 2012, the District Court has authority to refer, and has referred, this proceeding to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

4. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack constitutional authority to enter such final order or judgment absent the consent of the parties.

5. The bases for relief requested herein are 28 U.S.C. § 156(c), section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Local Rules 2002-1(f) and 9013-l(m), and the Court's *Protocol for the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c)*, instituted by the Clerk on February 1, 2012 (the "Claims Agent Protocol").

**Background**

6. On November 3, 2020 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under the Bankruptcy Code. Each Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner or statutory committee has been appointed in these chapter 11 cases.

7. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are more fully set forth in the First Day Declaration, which was filed contemporaneously herewith and is incorporated herein by reference.

**Retention of Donlin, Recano & Company, Inc, as Claims and Noticing Agent**

8. Although the Debtors have not yet filed their schedules of assets and liabilities, they anticipate that there will be several hundred entities to be noticed between the jointly administered cases. In view of the number of anticipated claimants, the Debtors submit that the appointment of a Claims and Noticing Agent is both necessary and in the best interests of both the Debtors' estates and their creditors.

A. **DRC's Qualifications**

9. DRC is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. DRC's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. DRC's professionals have acted as official Claims and Noticing Agent in many large bankruptcy

cases in this and other districts nationwide. DRC's active cases in this district include: In re IMH Financial Corporation, Case No. 20-11858 (CSS) (Bankr. D. Del. 2020); In re Muji U.S.A Limited, Case No. 20-11805 (MFW) (Bankr. D. Del. 2020); In re AAC Holdings, Inc., et al., Case No. 20-11648 (JTD) (Bankr. D. Del. 2020); In re Klausner Lumber Two LLC, Case No. 20-11518 (KBO) (Bankr. D. Del. 2020); In re PQ New York, Case No. 20-11266 (JTD) (Bankr. D. Del. 2020); In re Comcar Industries, Inc., Case No. 20-11120 (LSS) (Bankr. D. Del. 2020); In re Longview Power, LLC, Case No. 20-10951 (BLS) (Bankr. D. Del. 2020); In re EBH Topco, LLC, Case No. 18-11212 (BLS) (Bankr. D. Del. 2018); In re PZ Wind Down, Inc., Case No. 17-12890 (CSS) (Bankr. D. Del. 2017); In re Velocity Holding Co., Inc., Case No. 17-12442 (KJC) (Bankr. D. Del. 2017); In re Mac Holding LLC, Case No. 17-12226 (MFW) (Bankr. D. Del. 2017); In re Emerald Oil, Inc., Case No. 16-10704 (KG) (Bankr. D. Del. 2016); In re Solutions Liquidation LLC, Case No. 16-10627 (CSS) (Bankr. D. Del. 2016).

10. Appointing DRC as the Claims and Noticing Agent in these chapter 11 cases will expedite the distribution of notices and the processing of claims and relieve the Clerk's office of the administrative burden of processing such claims.

B. **Scope of Services**

11. This Application pertains only to the work to be performed by DRC under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 2002-l(f) and the Claims Agent Protocol. Any work to be performed by DRC outside of this scope is not covered by this Application or by any order granting approval hereof.

4

12. Pursuant to the terms of a services agreement between the Debtors and DRC dated as of October 28, 2020 (the "Engagement Agreement"), a copy of which is attached as **Exhibit 1** to **Exhibit A** hereto, DRC will perform, to the extent the Debtors or the Clerk request, the following tasks in its role as Claims and Noticing Agent (the "Claims and Noticing Services"), as well as all quality control relating thereto:

    (a) Prepare and serve required notices and documents in the cases in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in the form and manner directed by the Debtors and/or the Court including (i) notice of the commencement of the cases and the initial meeting of creditors under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of the cases;

    (b) To the extent applicable, maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

    (c) Maintain (i) a list of all potential creditors, equity holders and other parties in interest; and (ii) a "core" mailing list consisting of all parties described in sections 2002(i), (j) and (k) of the Bankruptcy Rules and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update said lists and make said lists available upon request by a party in interest or the Clerk;

    (d) To the extent applicable, furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the

        Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e) Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(f) For <u>all</u> notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service and (iv) the date served;

(g) Process all proofs of claim received, including those received by the Clerk, and check said processing for accuracy, and maintain the original proofs of claim in a secure area;

(h) Provide an electronic interface by filing proofs of claim;

(i) Maintain the official claims register for each Debtor (the "<u>Claims Registers</u>") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), (vi) the applicable Debtor and (vii) any disposition of the claim;

(j) Provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

(k) Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

(l) Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(m) Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Claims and Noticing Agent, not less than weekly;

 (n) Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

 (o) Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Registers and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

 (p) Identify and correct any incomplete or incorrect addresses in any mailing or service lists;

 (q) Assist in the dissemination of information to the public and respond to requests for administrative information regarding the case as directed by the Debtors or the Court, including through the use of a case website and/or call center;

 (r) If these chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three days of the notice to DRC of entry of the order converting the cases;

 (s) Thirty days prior to the close of these chapter 11 cases, to the extent practicable, request that the Debtors submit to the Court a proposed Order dismissing DRC as Claims and Noticing Agent and terminating its services upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases;

 (t) Within seven days of notice to DRC of entry of an order closing the chapter 11 cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the cases; and

 (u) At the close of these cases, box and transport all original documents, in proper format, as provided by the Clerk's office, to (i) the Federal Records Center, located at 14700 Townsend Road, Philadelphia, PA 19154-1096 or (ii) any other location requested by the Clerk's office.

13. The Claims Registers shall be opened to the public for examination without charge during regular business hours and on a case-specific website maintained by DRC.

**C.      Professional Compensation**

14.     The Debtors respectfully request that the undisputed fees and expenses incurred by DRC in the performance of the above services be treated as administrative expenses of the Debtors' estates pursuant to 28 U.S.C. § 156(c) and 11 U.S.C. § 503(b)(1)(A) and be paid in the ordinary course of business without further application to or order of the Court.  DRC agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for any official committee, if any, monitoring the expenses of the Debtors and any party in interest who specifically requests service of the monthly invoices.  If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

15.     Prior to the Petition Date, on October 28, 2020, the Debtors provided DRC a retainer in the amount of **$25,000**.  DRC seeks to apply its retainer to all pre-petition invoices, and then seeks direction that the Debtors shall replenish the retainer to its original amount, consistent with the Debtors' authority to use cash collateral in the case or subject to any other relevant Court order.  Thereafter, DRC seeks authorization to hold its retainer under the Engagement Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

16.     Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless DRC and its members, officers, employees,

representatives and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from DRC's fraud, gross negligence or willful misconduct or as otherwise provided in the order. The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of a Claims and Noticing Agent in these chapter 11 cases. Moreover, consistent with the practice in this jurisdiction, the Debtors requested, and DRC has agreed, that the Court approve the indemnification provisions reflected in the Engagement Agreement subject to the modifications set forth in the Proposed Order. The Debtors believe that the proposed modifications to the indemnification provisions of the Engagement Agreement are appropriate under the circumstances, consistent with recent orders entered in this jurisdiction, and should be approved.

### D. **Disinterestedness**

17. To the best of the Debtors' knowledge, information and belief, and except as disclosed in the Voorhies Declaration, DRC has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with its retention as Claims and Noticing Agent.

18. Moreover, in connection with its retention as Claims and Noticing Agent, DRC represents in the Voorhies Declaration, among other things, that:

(a) DRC is not a creditor of the Debtors;

(b) DRC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

(c) By accepting employment in these chapter 11 cases, DRC waives any rights to receive compensation from the United States government in connection with the Debtors' cases;

(d) In its capacity as the Claims and Noticing Agent in these chapter 11 cases, DRC will not be an agent of the United States and will not act on behalf of the United States;

(e) DRC will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

(f) DRC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g) In its capacity as Claims and Noticing Agent in these chapter 11 cases, DRC will not intentionally misrepresent any fact to any person;

(h) DRC shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i) DRC will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j) None of the services provided by DRC as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's office.

19. DRC will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## Relief Requested

20. By this Application, the Debtors seek entry of an order, pursuant to 28 U.S.C. § 156(c), § 105(a) of the Bankruptcy Code, Local Rules 2002-l(f) and 9013-l(m), and the Claims Agent Protocol, authorizing the appointment of DRC to act as the Claims and Noticing Agent with the appointment effective as of the Petition Date.

75384172.1

**Basis for Relief**

21.     The Court is authorized to "utilize facilities or services, either on or off the Court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in bankruptcy cases where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States." 28 U.S.C. § 156(c).

22.     Indeed, pursuant to Local Rule 2002-l(f), a debtor is required to file an application seeking the appointment of a claims and noticing agent "[i]n all cases with more than 200 creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise . . ." Del. Bankr. L.R. 2002-l(f).

23.     The Debtors anticipate that there will be several hundred entities to be noticed in the jointly administered cases. In light of the number of anticipated claimants, and for the reasons set for herein and in the Voorhies Declaration, the Debtors respectfully submit that the appointment of DRC as the Claims and Noticing Agent is both necessary and in the best interests of the Debtors' estates, creditors and other parties in interest because the Debtors will be relieved of the burdens associated with the claims and noticing services. Accordingly, the Debtors will be able to devote their full attention and resources to maximize value for their stakeholders and facilitate the orderly administration of these chapter 11 cases.

**Compliance with Claims and Noticing Agent Protocol**

24.     The Debtors represent that this Application complies with the Claims Agent Protocol and substantially conforms to the standard § 156(c) application used in this district. In accordance with the Claims Agent Protocol, prior to the selection of DRC as the Claims and

Noticing Agent, the Debtors reviewed and compared engagement proposals from three court-approved Claims and Noticing Agents, including DRC, to ensure selection through a competitive process. The Debtors submit, based on all engagement proposals obtained and reviewed, that DRC's rates, as set forth in the Engagement Letter, are competitive and reasonable given its quality of services and expertise. The terms of DRC's retention are set forth in the Engagement Agreement; provided, however, that DRC is seeking by this Application approval solely of the terms and provisions as set forth in this Application and the Proposed Order attached hereto.

25. Based on the foregoing, the Debtors submit that they have satisfied the requirements of 28 U.S.C. § 156(c), the Local Rules and the Claims Agent Protocol. Accordingly, the Debtors respectfully request entry of the Order pursuant to 28 U.S.C. § 156(c), Local Rule 2002-1(f) and the Claims Agent Protocol authorizing the Debtors to retain and employ DRC as Claims and Noticing Agent, effective as of the Petition Date.

**Notice**

26. The Debtors will provide notice of this motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims; (c) the Debtors' secured lenders or their counsel, if known; (d) the Internal Revenue Service; (e) the Office of the United States Attorney for the District of Delaware; (f) the state attorney's general for all states in which the Debtors conduct business; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this motion and any order entered hereon will be served in accordance with Local Rule 9013-

l(m).  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court, (a) enter an order, substantially in the form attached hereto as **Exhibit A.** granting the relief requested herein and (b) grant such other and further relief as is just and proper.

Gorham, New Hampshire
Dated: November 4, 2020

Respectfully submitted,

*/s/ Richard Arnold*
Richard Arnold
CEO of each of the Debtors and Debtors-in-Possession