# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** <br><br> **Gorham Paper and Tissue LLC,** *et al.***,** <br><br> Debtors. | Chapter 11 <br><br> Lead Case No. 20-12814 (KBO) <br> Jointly Administered <br><br> Honorable Karen B. Owens <br> Hearing Date: March 16, 2021 at 11:00 a.m. <br> Obj. Deadline: February 22, 2021 |

## MOTION OF VETS SECURING AMERICA INC. TO COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT AND FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES AND IMMEDIATE PAYMENT

Vets Securing America Inc. ("VSA") by and through its undersigned counsel, hereby file this motion to compel debtors Gorham Paper and Tissue LLC and White Mountain Tissue LLC ("Debtor") to assume or reject the executory contract with VSA, and for allowance and immediate payment of postpetition administrative expenses (the "Motion") and state as follows:

### Relief Requested

1. Pursuant to section 365(d)(2) of the title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006, 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), VSA seeks entry of an order compelling the Debtor to assume or reject the unexpired executory contract with VSA.

2. Pursuant to sections 503(b)(1)(a), 507(a)(2) of the Bankruptcy Code and Local Rule 9013-1, VSA seeks entry of an order allowing its administrative expense claim and directing the Debtor to make immediate payment of that claim.

4837-6839-8296

**Jurisdiction And Venue**

3. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. VSA consents pursuant to rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. The statutory bases for the relief requested herein are 11 U.S.C. §365, 503, 507, Bankruptcy Rules 6006, 9014 and Local Rule 9013-1.

**Background**

6. On March 6, 2003, Vescom Corporation and Fraser NH LLC ("Fraser") entered into a contract (the "Contract") for security services for Fraser's business location at 72 Cascade Flats, Gorham, NH 03581 (the "Property"). A true and correct copy of the Contract is attached as **Exhibit A**.

7. The Contract required Vescom Corporation to provide 24/7 security services by qualified, trained security officers to guard the Property.

8. The Contract required Fraser to make monthly payment for security services rendered at the appropriate hourly rate.

9. According to the Declaration of Richard Arnold in Support of Chapter 11 Petition and First Day Pleadings (DI #13), the Debtor purchased the Property from Fraser at a bankruptcy liquidation sale in 2011. Id. at 6.

10. Since that date, the Property has been the Debtor's principal place of business. Id. at 5.

11. Both Debtors "share integrated operations" including the Property, equipment and personnel. Id. at 13.

12. When the Debtor took over the Property, it did not sign a new contract, but continued to operate under the existing Contract, receiving security services and making payment for those services. A 2011 email between Vescom Corporation employees demonstrating that the Debtor knew of the Contract and wished to continue receiving services is attached as **Exhibit B**.

13. By its continued acceptance of services, and payment for those services, the Debtor acceded to Fraser's duties under the Contract.

14. VSA assumed Vescom Corporation's duties under the Contract.

15. Vescom Corporation, and then VSA, continued to provide security services pursuant to the terms of the Contract from March 6, 2003 to the present.

16. The Debtor never terminated the Contract, and in fact reaffirmed it by their course of conduct in accepting continued security services from VSA.

17. Both VSA and the Debtor have material unperformed duties pursuant to the Contract.

18. On November 4, 2020, the Debtor filed the instant bankruptcies, administered under lead case In re: Gorham Paper and Tissue LLC et al., No. 20-12814.

4837-6839-8296

19. On the petition date, the Debtor owed VSA an unpaid balance in excess of $125,000.00 pursuant to the Contract. A portion of this unpaid amount dated as far back as 2019.

20. The Debtor scheduled VSA as a general unsecured creditor with a liquidated, undisputed, noncontingent claim of $128,821.44 (DI #212), which claim is deemed an allowed claim pursuant to 11 U.S.C. §1111(a).

21. On December 18, 2020, this Court entered an order authorizing the Debtor to sell substantially all of its assets. (DI #196).

22. The sale closed on December 31, 2020. (DI #210).

23. The Contract was not assigned to the purchaser at the sale, and remains a binding, valid and unexpired executory contract between the Debtor and VSA.

24. VSA provided postpetition security services guarding the Property through the date the sale closed, to the present date.

25. By securing the Property, VSA provided actual and necessary services that preserved estate property.

26. The Debtor has paid VSA for some, but not all, security services performed postpetition.

27. The total unpaid amount due to VSA for postpetition security services is $9,328.80. A true and correct copy of invoices itemizing the postpetition services is attached as **Exhibit C**.

### Basis For Relief

**A. Assumption or Rejection**

28. Pursuant to 11 U.S.C. §365(d)(2), a trustee, and by extension a chapter 11 debtor-in-possession, "may assume or reject an executory contract or unexpired lease of residential real

property or of personal property of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease."

29. Pursuant to 11 U.S.C. §365(b)(1), if a debtor-in-possession is in default under an executory contract, the debtor may not assume the contract unless the debtor "cures or provides adequate assurances that the [DIP] will promptly cure, such default," "compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and" "provides adequate assurance of future performance under such contract or lease."

30. Adequate assurance of future performance "is to be given a practical, pragmatic construction based upon ... the circumstances of [the] case". In re Prime Motor Inns, Inc., 166 B.R. 993, 997 (Bankr. S.D.Fla. 1994) quoting In re Carlisle Homes, Inc., 103 B.R. 524, 538 (Bankr. D.N.J. 1988).

31. To provide adequate assurances, a DIP must, in a practical sense, show that it can promptly cure any default, pay for damages caused by the default and continue in the contract without immediate subsequent default. In re Texas Health Enterprises, Inc., 246 B.R. 832, 835 (Bankr. E.D. Tex. 2000).

32. While courts generally apply the "business judgment" standard to a decision to assume or reject, that business judgment must be reasonably exercised. Sharon Steel Corp. v. National Fuel Gas Distribution, 872 F.2d 36, 39-40 (3d Cir. 1989).

33. The Contract is an executory contract because VSA and the Debtor each have ongoing duties which are material such that the breach of those duties would excuse performance by the other. See Vern Countryman, Executory Contracts in Bankruptcy: Part I, 57 MINN.L.REV.

8

439, 442–44 (1973); In Re Exide Technologies, 607 F.3d 957, (3d. Cir. 2010) (applying Countryman test).

34. On the petition date, the Debtor was in default of the Contract due to a large outstanding arrearage.

35. It is unclear if the Debtor intends to assume or reject the Contract.

36. The Debtor has not cured the prepetition default or provided adequate assurances that it will do so.

37. Pursuant to the Contract, VSA has a duty to safeguard persons and property, and it cannot simply walk away due to nonpayment without exposing itself to potential liability.

38. VSA seeks clarity on whether the Debtor will assume or reject the Contract so that VSA may cease providing security services if the Contract is rejected.

39. This Court should compel the Debtor to assume or reject the Contract within fourteen (14) days.

**B. Allowance of Administrative Expense**

40. Pursuant to 11 U.S.C. §503(b)(1)(a), the "actual, necessary costs and expenses of preserving the estate" shall be allowed as an administrative expense.

41. These allowed administrative expenses have priority of payment pursuant to 11 U.S.C. §507(a)(2).

42. To show that a claimant is entitled to an administrative expenses, "(1) there must be a post-petition transaction between the creditor and the debtor; and (2) the estate must receive a benefit from the transaction." In re Waste Systems Intern., Inc., 280 B.R. 824, 826 (Bankr. D.Del. 2002).

4837-6839-8296

43. The timing of the payment of an administrative claim is within the discretion of this Court. In re Garden Ridge Corporation, 323 B.R. 136 (Bankr. D. Del. 2005).

44. In determining the time of payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors. HQ Global Holdings, Inc., 282 B.R. 169, 174 (Bankr. D.Del. 2002).

45. Pursuant to the Contract, VSA provided postpetition security services for the Property. The unpaid postpetition amount due for those services is $9,328.80.

46. These security services safeguarded the Property and all personal property contained therein, preserving and protecting estate assets during the pendency of this case.

47. The Contract provided postpetition actual and necessary value to the estate.

48. If the postpetition balance is not paid as part of the Debtor's assumption of the Contract, that balance must be allowed as an administrative expense entitled to priority.

49. VSA's administrative expense claim will be entitled to the highest level of priority in this case. The only claims of higher priority than VSA's Section 507(a)(2) claim are for a chapter 11 trustee or domestic support obligations. Neither type of claim is likely to arise in this case.

50. The Debtor sold all its assets and has ceased operations. There is no prejudice to the Debtor if it is required to pay its highest-priority claim immediately: it will not interfere with ongoing operations or allow VSA to obtain payment ahead of senior claimants.

51. VSA will be prejudiced if it is not paid immediately for its postpetition services: the Debtor has not yet filed a plan or disclosure statement, so confirmation of a plan and payment of VSA's claim on the effective date is still many months away. The postpetition expense amount is meaningful to VSA, which must pay its employees timely in order to retain qualified personnel.

52. It is appropriate to order immediate payment of the administrative expense owed to VSA.

WHEREFORE, Vets Securing America Inc. respectfully requests this Court enter an order compelling the Debtor to assume or reject the Contract within fourteen (14) days, allowing the postpetition amounts due as an administrative expense and directing the Debtor to pay the administrative expense immediately, and provide such other and further relief as the Court deems just and equitable.

### Notice

Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Debtors; and (d) any other party that has requested notice pursuant to Local Rule 2002-1(b). VSA respectfully submits that no further notice of this Motion is required under the circumstances.

Dated: February 8, 2021
      Wilmington, Delaware

Respectfully submitted,

By: /s/Leslie B. Spoltore
Leslie B. Spoltore, Esquire (DE Bar No. 3605)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
123 Justison Street, Suite 100
Wilmington, Delaware 19801
Telephone: (302) 238-6947
Facsimile: (302) 655-1092
Email: leslie.spoltore@obermayer.com

-and-

Michael D. Vagnoni, Esquire
(*pro hac vice forthcoming*)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400

Philadelphia, PA 19102
Telephone: (215) 665-3140
Facsimile: (215) 665-3165
Email: Michael.Vagnoni@obermayer.com
*Counsel to Vets Securing America Inc.*