# Exhibit A

## ANNUAL SERVICES AGREEMENT
## SECURITY GUARD TERMS & CONDITIONS

THIS AGREEMENT is made this <u>6th</u> day of <u>March, 2003</u>, between FRASERNH LLC ("Fraser") and VESCOM CORPORATION ("Contractor"). Fraser and Contractor hereby agree as follows:

### 1.0 Scope of Work

Fraser requires the services of Contractor in connection with provision of fire and security guard services at its Berlin-Gorham, New Hampshire paper mills, and Contractor is qualified to supply security guards ("guards") and supervisors therefor in the numbers, at the times, and for the shifts that Fraser may require (the "work"). Initially, guards will be supplied as follows:

    <u>3</u> Guards during the day shift (6 AM to 6 PM)    (12 Hours)
    <u>3</u> Guards during the night shift (6 PM to 6 AM)    (12 Hours)

Contractor will furnish guards to staff the shifts as described above 7 days per week, 365 days per year.

One guard shall be designated as the supervisor in charge of the guards on each shift. Each guard will be assigned a duty post, which may include tours of inspection, either on foot or by vehicle, at prescribed intervals throughout the shift. Fraser and Contractor shall jointly prepare the specifications of duties for each guard post for each shift, and the supervisor of each shift shall ensure that the guards are attentive to their duties on each shift. The number of guards, the posts, and the duties of each post may be changed from time to time by agreement between Fraser and Contractor.

### 2.0 Term

The term of this agreement shall commence on or about <u>April 1, 2003</u>, and shall continue until terminated in accordance with Section 12.

### 3.0 Contractor's Compensation

Fraser shall pay Contractor for performance of the work authorized hereby, as follows:

    3.1 For each guard for each day shift, including Saturdays, Sundays, and holidays.
    3.2 For each supervisor for each day shift, including Saturdays, Sundays, and holidays.
    3.3 For each guard for each night shift, including Saturdays, Sundays, and holidays.
    3.4 For each supervisor for each night shift, including Saturdays, Sundays, and holidays.

    Regular Rate: $14.64 per hour    Holiday/OT Rate: $20.50 per hour

The foregoing rates are firm for a period of 1 year.

4.0 Other Costs

4.1 Personnel Training. All costs for personnel recruiting, briefing, orientation, certification testing, and training will be the responsibility of Contractor.

4.2 Uniforms. Uniforms will be supplied by Contractor at the contractor's expense.

4.3 Contractor-Owned Equipment Rentals. Subject to prior approval, Fraser will reimburse the Contractor for the reasonable rental charges for such Contractor-owned equipment such automobiles as Contractor from time to time may make available and which is necessary for the performance of the Work. Approved for this agreement is a patrol vehicle, which shall be provided at a monthly cost of $550. This charge covers lease payment, insurance, maintenance and registration of vehicle. Gasoline for vehicle shall be billed monthly, with corresponding receipts attached to invoice.

4.4 Third Party Equipment Rentals. All costs incurred in connection with renting equipment from a third party will be paid by Fraser only if previously approved in writing.

4.5 Insurance and Bonds. The costs of any premiums or charges for any insurance or bonds Fraser requires Contractor to furnish in connection with the Work will be paid by the contractor.

4.6 Charges and Taxes. The costs of licenses, sales and use taxes, and all other taxes and charges incurred by Contractor as a direct consequence of the Work will be paid by the Contractor.

4.7 Other Costs. All other costs will be paid by Contractor unless previously approved in writing by Fraser.

5.0 Payment

Fraser shall pay Contractor the Compensation and reimbursement for approved expenses semi-monthly: On or before the end of each month, Contractor shall submit an invoice to Fraser. Such invoice shall cover the prior month and shall show the number of guards in each shift category, the total amount due for the furnishing of guards and supervisors. A separate "mid-month" invoice, representing approximately ½ of monthly estimated charges shall be submitted on the 15th of each month, and payment of this invoice shall be credited toward the "End of Month" reconciliation invoice. Payment terms are Net 15.

6.0 Performance of the Work

6.1 Working Conditions. Prior to beginning the Work to a Work Order, or Agreement, Contractor shall become familiar with the mill and the duties of each guard and supervisor.

6.2 Conduct of the Work. Contractor will provide sufficient numbers of trained persons to act as guards and supervisors for each shift during the term of this Agreement.

## 7.0 Assignment and Sub-Contracting

Contractor shall not subcontract or assign any portion of the Work without the prior written consent of Fraser.

## 8.0 Permits and Licenses

Contractor shall obtain any licenses necessary for performance of the Work.

## 9.0 Safety Rules

Contractor shall conduct the Work in a safe and prudent manner in compliance with all applicable safety laws, rules, and regulations, and all safety rules of Fraser. Contractor shall immediately notify the Berlin/Gorham and mill fire departments of any fire, or spill of any material, and shall follow written procedures established by Fraser to report immediately any spill or escape of toxic, carcinogenic, or other dangerous or controlled substance. Contractor shall notify Fraser in writing of the occurrence, nature, and circumstances of any injury to a Contractor's employee, related to the performance of the Work. Notice shall be delivered within 24 hours of the time of the injury.

## 10.0   Insurance

10.1   Contractor's Liability Insurance. During the term hereof, Contractor, at its cost and expense, shall purchase and maintain the insurance set forth in this paragraph 10. The insurance shall be purchased and maintained in companies acceptable to Fraser.

10.1.1 Workers' Compensation and Employers Liability. Workers' Compensation insurance shall be provided as required by the law(s) of New Hampshire. Employers' Liability insurance shall be provided in amounts not less than $1,000,000 each accident for bodily injury by accident, $1,000,000 policy limit for bodily injury by disease, and $1,000,000 for each employee for bodily injury by disease.

10.1.2 General Liability. Contractor shall maintain a Comprehensive General Liability or Commercial General Liability (Occurrence) policy including automobile liability, with limits of not less than $5,000,000.

10.2   Insurance Certificate. Prior to the beginning of the term hereof, Contractor shall deliver to Fraser certificates from Contractor's insurers evidencing the above-referenced coverages. Except for the coverage provided pursuant to Section 10.1.1 said certificate shall name Fraser, and its directors, officers, and employees, as additional insureds with respect to liability or any claims of liability arising out of the Work performed by Contractor; and shall

provide that the policies it represents will not be terminated, amended, or allow to expire without 30 days' prior written notice to Fraser.

## 11.0 Confidential Information

Contractor shall treat as confidential all data and information furnished by Fraser or learned by Contractor about Fraser's operations, that may be of a proprietary nature, and Contractor shall not knowingly divulge the same to third parties without Fraser's prior written consent until such data and information have become public knowledge.

## 12.0 Termination

12.1 **Termination for Cause.** If Contractor shall file any voluntary petition of bankruptcy or if any involuntary petition of bankruptcy is filed against Contractor and is not discharged within 15 days, or if Contractor shall commit any other act of bankruptcy, or if Contractor shall fail, for a period exceeding 48 hours, to supply sufficient guards and supervisors or shall otherwise breach its obligations under this Agreement, Fraser may terminate the Agreement, exclude the Contractor from the mill and provide guard service in any way it sees fit.

12.2 **Termination for Convenience.** Fraser may at its sole option terminate this Agreement for its own convenience. In that event, Fraser shall pay Contractor, within 30 days of the date of such termination, for all guards and supervisors furnished up to the date of termination.

## 13.0 Approval of Personnel

All of Contractor's employees, assigned to the Work shall be competent to perform their services and shall be subject to Fraser's prior approval. Fraser, at any time, may revoke its approval of any employee who is not performing in a manner satisfactory to Fraser, and Contractor shall remove such objectionable personnel from the Work and replace him/her with personnel acceptable to Fraser.

## 14.0 Independent Contractor

Contractor's relationship with Fraser shall in all respects be that of an independent contractor. Fraser shall have no power to determine or control Contractor's manner of performing the Work except insofar as may be necessary to allow Fraser to properly inspect the Work and ensure itself that the Contractor is complying with the Agreement.

## 15.0 Notices

Any notice or demand required of permitted to be given under the terms of this Agreement or any rule of law shall be deemed to have duly given or made if (1) deposited in the United States Mail, in a sealed envelope, postage prepaid, by registered or certified mail; or (2) delivered by private overnight carrier service, respectively addressed as follows:

| | |
|---|---|
| To Fraser: | Fraser NH LLC.<br>Attention: Marilou Bucciano<br>Purchasing Dept<br>(603) 348-2205 |
| To Contractor: | Vescom Corporation<br>Attention: Pamela Treadwell<br>705 Main Road North<br>Hampden, ME 04444 |

Either party may change the person and address designated above for notice by appropriate notification to the other party.

### 16.0  Governing Law

This Agreement shall be governed and construed according to the laws of the State of New Hampshire.

### 17.0  No other Agreements

All negotiations, proposals, and agreements prior to the date of this Agreement are merged herein and superseded hereby, there being no agreements, warranties, or understandings other than those written or specified herein, unless otherwise provided. This Agreement constitutes the entire understanding between the parties with respect to the subject matter hereof. No changes, modifications, or amendments to this Agreement shall be valid unless agreed to by the parties in writing and signed by their authorized representatives.

### 18.0  Force Majeure

Any delays in or failure of performance by Fraser or Contractor shall not constitute default hereunder if and to the extent such delays or failures of performance are caused by occurrences beyond the control of Fraser or Contractor, as the case may be, including but not limited to: acts of God or the public enemy; expropriation or confiscation of facilities; compliance with any order or request of any governmental authority; act of war, rebellion or sabotage or damage resulting therefrom; fires, floods, explosion, accidents; riots, strikes, labor disputes or other concerted acts of workmen, whether direct or indirect; or any causes, whether or not of the same class or kind as those specifically above named, that are not within the control of Fraser or Contractor and that by the exercise of reasonable diligence by Fraser or Contractor are unable to prevent.

### 19.0  EEO Certificate

Because Fraser enters into substantial contracts with the United States Government, federal law requires that if the Agreement Sum is in excess of $50,000, Contractor shall execute and deliver to Fraser an EEO certificate.

## 20.0 Compliance with Laws

Contractor shall, in its performance of this Agreement, comply with all applicable Federal, State, and Local statutes, rules of law, ordinances, regulations and regulatory orders.

WHEREFORE, the parties have caused this Agreement to be executed on the date first set forth above.

FRASER NH LLC

By _William M. Dyer Jr_ 3/10/03

Title: Mill Manager

REF#

CONTRACTOR
VESCOM CORPORATION

By _Pamela J. Treadwell_ 3/11/03

Title: Vice President

# CONFIDENTIAL DISCLOSURE AGREEMENT

This Agreement, effective as of March 6, 2003, between FRASER NH LLC, a Delaware corporation having its principal offices at 70 Seaview Avenue, Stamford, CT 06902 (herinafter referred to as "FRASER "), and VESCOM CORPORATION, having offices at 705 Main Road North, Hampden, ME 04444, (hereinafter referred to as "Contractor").

## RECITALS

A. CONTRACTOR desires to provide security services to FRASER in its business.

B. In furtherance of the above purpose, it will be necessary for CONTRACTOR to have access to FRASER mill, inventories, processes, visitors, and other confidential information.

NOW, THEREFORE, in consideration of the aforesaid disclosures, and the rights and obligations hereinafter set forth, it is hereby agreed as follows:

1. In respect to all information disclosed or transmitted by FRASER to CONTRACTOR in writing, orally, by demonstration, or by inspection, (the information so designated being hereafter referred to as FRASER "Confidential Information"), CONTRACTOR will hold in confidence and not disclose to any third party said Confidential Information. CONTRACTOR further agrees not to use, except for FRASER benefit or cause to be used, for the benefit of itself or any third party, any of the Confidential Information so disclosed. Access to the Confidential Information will be limited to those employees of CONTRACTOR who have been advised of the contents of the Agreement and who need to know to perform their respective tasks.

2. Information disclosed by FRASER and designated as "Confidential" shall not be deemed to be confidential and the above provisions shall not apply if:
   a. The information was generally available to the public at the time of disclosure;
   b. The information hereafter becomes generally available to the public through no fault of CONTRACTOR;
   c. FRASER agrees in writing that the information can be disclosed by CONTRACTOR to a third party;
   d. The information was in the possession of CONTRACTOR, as evidenced by its written records, prior to the disclosure by FRASER ; or
   e. The information was received by CONTRACTOR from a source other than FRASER without restriction.

FRASER and CONTRACTOR hereby execute this Agreement in duplicate, effective as of the day, month, and year first above written. This Agreement to receive information in confidence shall continue so long as CONTRACTOR continues to provide security services for FRASER, and for a period of three years thereafter.

FRASER NH LLC

By: _William A. Spu Jr_

Title: _Mill Manager_

Date: _3/10/03_

REF#

CONTRACTOR
VESCOM CORPORATION

By: _Pamela Treadwell_

Title: Vice President

Date: _3/7/03_