## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Gorham Paper and Tissue, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-12814 (KBO)<br><br>(Jointly Administered) |
| Wayne Johnson, solely in his capacity as the Liquidating Trustee of the Post-Effective Date Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>Solenis LLC,<br><br>Defendant. | Adv. Proc. No. 22-_____ (KBO) |

**COMPLAINT TO (I) AVOID AND RECOVER CERTAIN PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550; AND (II) DISALLOW CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Wayne Johnson, solely in his capacity as the liquidating trustee (the "Liquidating Trustee") of the post-effective date liquidating trust (the "Liquidating Trust") of Gorham Paper and Tissue, LLC ("GPT") and White Mountain Tissue, LLC ("WMT" and, together with GPT, the "Debtors"), files this complaint (the "Complaint") against Solenis LLC (the "Defendant") to: (i) avoid and recover certain transfers made to the Defendant in the ninety (90) days before the Debtors commenced the bankruptcy cases, pursuant to §§ 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code"); and (ii) disallow any and all claims held by the Defendant against the

---

[1] The last four digits of Gorham Paper and Tissue, LLC's federal taxpayer identification number are 6533. See 11 U.S.C. § 342(c)(1). The last four digits of White Mountain Tissue, LLC's federal taxpayer identification number are 0078. See id. Prior to the sale of substantially all of their assets, the principal place of business for Gorham Paper and Tissue, LLC and White Mountain Tissue, LLC was 72 Cascade Flats, Gorham, New Hampshire 03581.

Debtors pursuant to § 502(d) of the Bankruptcy Code. In support of this Complaint, the Liquidating Trustee alleges the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of the Chapter 11 Cases (defined below) and the Complaint are proper in this District under 28 U.S.C. §§ 1408 and 1409.

4. Pursuant to Local Rule 7008-1, the Liquidating Trustee consents to the entry of final judgments or orders with respect to this adversary proceeding if it is determined that this Court would lack Article III jurisdiction to enter final order or judgment absent consent of the parties.

## FACTUAL ALLEGATIONS

**A.  Background Of The Debtors and the Liquidating Trust.**

5. On November 4, 2020 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief with this Court under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

6. On November 6, 2020, this Court entered an order authorizing the joint administration of the Chapter 11 Cases, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [Docket No. 42 in Case No. 20-12814].

7. The Debtors are limited liability companies formed under the laws of the State of Delaware, with their principal places of business located at 72 Cascade Flats, Gorham, New Hampshire.

8.   Prior to the sale of substantially all of their assets, the Debtors manufactured towel and tissue parent rolls for "at-home" and "away-from-home" (i.e., commercial or industrial) markets. For the at-home market, the Debtors manufactured parent rolls for the production of bath, facial tissue, towels, napkins, and other paper products. For the away-from-home market, the Debtors manufactured parent rolls for the production of industrial towels and wipes, hard wound towels, and multi-fold towels.

9.   For at-home products, production was run through the "TM06" dry crepe tissue machine, which was purchased in 2012 by WMT. Production for away-from-home products was run through the "PM09" towel machine owned by GPT.

10.   On November 7, 2020, the Debtors filed a motion pursuant to § 363 of the Bankruptcy Code seeking approval of bid procedures and authorization to sell substantially all of their assets [Docket No. 53] (the "Sale Motion").

11.   The Court approved the Sale Motion on November 19, 2020 [Docket No. 112] (the "Sale Order"), and the Debtors closed the sale of substantially all of their assets to Gorham Acquisitions, LLC on December 31, 2021.

12.   On December 17, 2021, the Bankruptcy Court entered its order confirming the Debtors' *Combined Disclosure Statement and Chapter 11 Plan of Liquidation Dated October 26, 2021* (the "Plan").

13.   Pursuant to the Plan, the remaining assets of the Debtors' estates, including the causes of action brought in this Adversary Proceeding, were vested in the Liquidating Trust, and Wayne Johnson was appointed as the Liquidating Trustee of the Liquidating Trust.

14.   As of and prior to the Petition Date, the Debtors were and remain insolvent, including, but not limited to, because the Debtors were unable to pay their debts when they became

due, and the Debtors' liabilities exceeded the value of their assets by tens of millions of dollars, as evidenced by the Schedules and Statements of Financial of Affairs filed in the Chapter 11 Cases, and the consideration paid for the assets in the asset sale in the Chapter 11 Cases.

**B.      Background Of The Defendant.**

15.    Upon information and belief, the Defendant is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 2475 Pinnacle Drive, Wilmington, Delaware 19803.

16.    The Defendant is a supplier of certain goods and materials relating to the pulp and paper industry, including chemicals, materials, and other goods.

17.    On January 22, 2021, the Defendant filed a proof of claim in GPT's chapter 11 case [Claim No. 88] and in WMT's chapter 11 case [Claim No. 89] (together, the "Proof of Claim").

18.    In the Proof of Claim, the Defendant asserts an unsecured claim of $673,768.29 (the "Unpaid Goods Claim") against the Debtors based on certain goods that the Defendant purportedly sold to the Debtors. The Defendant also asserts that a portion of the Unpaid Goods Claim, in the amount of $155,673.29, is entitled to administrative priority pursuant to 11 U.S.C. §503(b)(9). In addition, the Defendant asserts a claim on the basis that it that it held title to certain consigned inventory in the possession of the Debtors having a value of $296,079.87. Finally, pursuant to a certain Equipment Installment Sales Agreement, the Defendant asserts that WMT owes the Defendant the amount of $95,232.

19.    The Equipment Installment Sales Agreement was assigned to and assumed by Gorham Acquisitions, LLC at part of the Debtors' sale transaction, and the Debtors were released from any cure liability relating to the Equipment Installment Sales Agreement through the Sale Order.

**C.    The Transfers To The Defendant In The 90 Days Before The Petition Date.**

20.    Prior to the Petition Date, the Debtors and the Defendant engaged in numerous transactions in which the Defendant sold various chemical products used in the manufacturing processes.

21.    During the ninety (90) days prior to the Petition Date (the "Preference Period"), GPT transferred monies to the Defendant in the aggregate amount of **$304,861.86** (each a "Transfer" and, collectively, the "Transfers"), as set forth in the table below:

| Payment Date | Amount |
|---|---|
| 8/7/2020 | $(4,835.89) |
| 8/14/2020 | $(16,611.96) |
| 8/21/2020 | $(17,139.57) |
| 8/28/2020 | $(20,113.50) |
| 9/4/2020 | $(17,044.26) |
| 9/11/2020 | $(22,593.49) |
| 9/18/2020 | $(38,519.23) |
| 9/25/2020 | $(20,519.69) |
| 9/30/2020 | $(24,946.15) |
| 10/9/2020 | $(34,463.78) |
| 10/16/2020 | $(48,372.68) |
| 10/27/2020 | $(39,701.66) |
| **Total:** | **$(304,861.86)** |

22.    Prior to filing this Complaint, the Liquidating Trustee, individually and through his counsel, conducted due diligence into potential defenses to the Transfers that might render some or all of the Transfers non-avoidable.

23.    The Liquidating Trustee's due diligence included discussing the business relationship between the Debtors and the Defendant with the Debtors' former chief executive officer, Richard Arnold, as well as the Liquidating Trustee's personal knowledge about the relationship with the Defendant. The Liquidating Trustee also gathered and reviewed historic payment data between the Debtors and the Defendant, and reviewed the Proof of Claim.

24. Based on this due diligence, the Liquidating Trustee identified potential defenses that may be available to the Defendant relating to the Transfers under § 547(c)(4) of the Bankruptcy Code.

25. Notwithstanding the potential defenses identified by the Liquidating Trustee to the Transfers, the Defendant bears the burden of proof pursuant to § 547(g) of the Bankruptcy Code to establish those and any other defenses it may have under § 547(c) of the Bankruptcy Code.

26. Nothing in this Complaint is an admission that the Defendant is entitled to or has proven a defense it may have under § 547(c), and the Liquidating Trustee reserves all rights under § 547(g) of the Bankruptcy Code and otherwise.

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

27. The Liquidating Trustee repeats and realleges the allegations contained in each preceding paragraph of the Complaint as if fully set forth herein.

28. During the Preference Period, GPT made the Transfers to the Defendant in the total amount of **$304,861.86**.

29. Each Transfer constituted a transfer of property of GPT to or for the benefit of the Defendant.

30. The Defendant was a creditor of GPT at the time of each Transfer.

31. Each Transfer was to or for the benefit of the Defendant, as a creditor of GPT.

32. Each Transfer was made for, or on account of, an antecedent debt or debts owed by GPT to the Defendant.

33. Each Transfer was made while GPT was insolvent. GPT also is entitled to, and may rely on, the presumption of insolvency pursuant to § 547(f) of the Bankruptcy Code.

34. Each Transfer enabled the Defendant to receive more than the Defendant would have received if: (i) the Chapter 11 Cases were brought as cases under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

35. Each Transfer is avoidable in its entirety pursuant to § 547(b) of the Bankruptcy Code.

### SECOND CLAIM FOR RELIEF
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

36. The Liquidating Trustee repeats and realleges the allegations contained in each preceding paragraph of the Complaint as if fully set forth herein.

37. The Liquidating Trustee is entitled to avoid the Transfers pursuant to § 547(b) of the Bankruptcy Code.

38. The Defendant was the initial and immediate transferee of the Transfers.

39. The Liquidating Trustee is entitled to recover the proceeds or value of the Transfers pursuant to § 550 of the Bankruptcy Code.

### THIRD CLAIM FOR RELIEF
**(Disallowance of Claims – 11 U.S.C. § 502(d))**

40. The Liquidating Trustee repeats and realleges the allegations contained in each preceding paragraph of the Complaint as if fully set forth herein.

41. The Liquidating Trustee is entitled to avoid the Transfers pursuant to § 547(b) of the Bankruptcy Code.

42. The Defendant has not paid the value of the Transfers pursuant to §§ 547(b) and 550 of the Bankruptcy Code.

43. Pursuant to § 502(d) of the Bankruptcy Code, the Defendant is not entitled to receive payment on the Proof of Claim, and the Proof of Claim must be disallowed, unless and until such time as the Defendant has repaid the full value of the Transfers.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing allegations, the Liquidating Trustee requests that this Court grant the following relief:

A. Judgment in favor of the Liquidating Trustee and against the Defendant determining that the Transfers are avoidable in their entirety;

B. Judgment in favor of the Liquidating Trustee and against the Defendant directing the Defendant immediately to pay to the Liquidating Trustee the full amount of the Transfers plus interest and costs to the maximum extent permitted by law;

C. Judgment in favor of the Liquidating Trustee and against the Defendant disallowing the Proof of Claim in its entirety unless and until such time as the Defendant pays to the Liquidating Trustee the full amount of the avoided Transfers; and

D. Such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: July 29, 2022<br>Wilmington, Delaware | Respectfully submitted,<br><br>**POLSINELLI PC**<br><br>*/s/ Shanti M. Katona*<br>Christopher A. Ward (Del. Bar No. 3877)<br>Shanti M. Katona (Del. Bar No. 5352)<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-0920<br>Facsimile: (302) 252-0921<br>cward@polsinelli.com<br>skatona@polsinelli.com<br><br>-and-<br><br>**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**<br>D. Sam Anderson (Admitted *Pro Hac Vice*)<br>Adam R. Prescott (Admitted *Pro Hac Vice)*<br>100 Middle Street<br>PO Box 9729<br>Portland, Maine 04104<br>Telephone: (207) 774-1200<br>Facsimile: (207) 774-1127<br>sanderson@bernsteinshur.com<br>aprescott@bernsteinshur.com<br><br>*Counsel to the Liquidating Trustee* |